Appeal of **WASHINGTON PAPER**        Docket No. 1321.
             **STOCK CO.**

Submitted February 26, 1925; decided May 6, 1925.

*D. N. Burnham, C. P. A.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This is an appeal from a determination by the Commissioner proposing to assess an additional tax in the amount of $1,942.82 for the calendar years 1919 and 1920. The amount of tax in dispute is approximately $1,451.25. From the evidence presented at the hearing the Board makes the following

FINDINGS OF FACT.

The taxpayer is a South Dakota corporation, with its principal offices in Washington, D. C., and kept its books of account on the accrual basis. In filing its returns for the years 1919 and 1920 the taxpayer computed its depreciation upon the book value of its assets, using the declining balances as the base and a high rate of depreciation. The Commissioner disallowed the depreciation claimed and computed depreciation on the book value of the assets at normal rates. Cost was not considered in computing the depreciation deduction. In the year 1920 the taxpayer's plant was destroyed by fire, and the loss was not compensated for by insurance or otherwise. The loss was allowed by the Commissioner, but he failed to restore to asset values depreciation disallowed to time of the fire.

During the year 1920 there were credited on the books of the corporation to its two principal officers salaries in the amount of $17,580, each. At the close of the taxable year all this salary had been paid with the exception of $2,500 to each of them. In closing the books of the corporation for the year the amount of salaries unpaid was set up in a " to balance " account and has been included by the Commissioner as income of the corporation for that year.

DECISION.

The determination of the Commissioner is disapproved in part. There should be allowed, as a loss by fire not compensated for by insurance or otherwise, in the year 1920, the amount of depreciation disallowed in 1919 and 1920, and the net income for 1920 should be reduced by $5,000 salaries payable to officers, erroneously included as income. The deficiency will be settled on consent or on seven days' notice under Rule 50.